UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMY WYNNE,

                        Plaintiff,

            v.                                                  Case No.  26-cv-1054-bhl

MILWAUKEE COUNTY COMMUNITY
REINTEGRATION CENTER,

                        Defendant.

## DECISION AND ORDER

Plaintiff Tommy Wynne is representing himself in this 42 U.S.C. §1983 case.  On June 12 and again on June 26, 2026, Wynne filed a motion for leave to proceed without prepaying the filing fee.  On June 12, 2026, the clerk's office sent a letter informing Wynne that, within twenty-one days, he must submit a certified copy of his trust account statement for the six-month period preceding the filing of his complaint.  The letter warned Wynne that failure to do so could result in dismissal of his case without further notice.  Dkt. No. 2.  Wynne did not submit a trust account statement or explain why he was unable to do so by the deadline.  On July 10, 2026, the Court ordered Wynne to submit a trust account statement by July 24, 2026, or explain why he was unable to do so.  The Court warned Wynne that if he did not comply with the Court's order, it would deny his motion to proceed without prepaying the filing fee and dismiss this action based on his failure to pay the filing fee.  Dkt. No. 7.

The extended deadline has passed, and Wynne has not filed his trust account statement or explained why he is unable to do so.  A prisoner seeking to proceed with a civil action without prepaying the filing fee must submit a certified copy of his trust account statement covering the six-month period preceding the filing of the complaint.  *See* 28 U.S.C. §1915(a)(2).  Because Wynne has not complied with this requirement, the Court will deny his motion for leave to proceed without prepaying the filing fee and will dismiss this case based on his failure to pay the filing fee.

The dismissal is without prejudice, so Wynne may refile his complaint, but he is advised that, if he does so, he will be required to pay a new filing fee.

**IT IS THEREFORE ORDERED** that Wynne's motions for leave to proceed without prepaying the filing fee (Dkt. Nos. 3, 4) are **DENIED** and this case is **DISMISSED without prejudice** based on Wynne's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Wynne must pay the $350 statutory filing fee. Accordingly, the agency having custody of Wynne shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Wynne is transferred to another institution, the transferring institution shall forward a copy of this Order along with Wynne's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to Inmate Accounts, Milwaukee County Community Reintegration Center, 8885 S. 68th Street, Franklin, WI 53132.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on July 31, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

3